UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOSEPH W. PENNEY,

    Petitioner,

v.

    No. 1:22-CV-00158-H

RICKY BISHOP,

    Respondent.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Joseph W. Penney, a state prisoner acting pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his recent conviction and sentence out of Taylor County, Texas. (Dkt. No. 1.) Respondent has not filed an answer, but after reviewing the petition, the Court concludes that Petitioner fails to show that he is eligible for federal habeas relief. The petition is dismissed without prejudice as unexhausted. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### 1. Background

Petitioner challenges his conviction and 25-year prison sentence for failure to register as a sex offender. According to Petitioner, he pled guilty, and he was convicted and sentenced on September 28, 2022. He acknowledges that he did not file a direct appeal, nor did he file an application for state habeas relief. He filed this federal petition on October 16, 2022.[1]

---

[1] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (Providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

Petitioner claims that he received ineffective assistance of counsel and that his sentence was enhanced in violation of his Double Jeopardy rights. He asks that his conviction be overturned and that he be released with time served.

## 2. Discussion

Under 28 U.S.C. § 2254, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998), which in Texas is the Texas Court of Criminal Appeals (TCCA). *Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir. 1985).

Petitioner concedes that he has not presented his claims to the TCCA. The state-court review process remains available to Petitioner. Additionally, a search of the online records maintained by the Texas state courts confirms that Petitioner has not challenged his conviction in the TCCA.[2] As a result, the Court finds that these claims are wholly unexhausted.

---

[2] *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited December 14, 2022).

2

### 3. Conclusion

For the reasons discussed above, Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is dismissed without prejudice. *See Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998) (holding that a district court may sua sponte raise the failure to exhaust and apply that doctrine to bar federal litigation until the claims are exhausted).

Also, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong" or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Thus, any request for a certificate of appealability should be denied. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

All relief not expressly granted, and any pending motions are denied.

So ordered.

Dated December 19, 2022.

_____
JAMES WESLEY HENDRIX
United States District Judge